UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LEE HAWKS,**

        **Plaintiff,**

  v.                                        Case No. 2:22-cv-4505
                                            Judge Edmund A. Sargus, Jr.
                                            Magistrate Judge Chelsey M. Vascura

**HINES FURLONG LINE, INC.,**
*et al.*,

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Respondents HFL Vessels LLC and Hines Furlong Line, Inc.'s ("HFL") Motion for Leave to File Late Claim (HFL Mot., ECF No. 11) and Petitioner Lee Hawks's Motion for Default Judgment (Hawks's Mot., ECF No. 18). Each party has filed a response and reply to both Motions. (ECF Nos. 17, 19–22.) For the reasons set forth herein, the Court **GRANTS** HFL's Motion for Leave to File Late Claim and **DENIES as moot** Mr. Hawks's Motion for Default Judgment.

## BACKGROUND

This case arises from Mr. Hawks's attempt to exonerate himself from liability resulting from a fatal marine casualty on the Ohio River. (Compl., ECF No. 1.) Mr. Hawks filed his Complaint for Exoneration in December 2022. (*Id.*) In May 2023, Mr. Hawks filed a Motion for Order Directing Issuance of Notice of Petition, Approving Ad Interim Stipulation, Ordering Monition, and Restraining Prosecution of Claims (ECF No. 4), which the Court subsequently granted. (ECF No. 5.) Pursuant to the Supplemental Rules for Admiralty or Maritime Claims, Notice was issued in the Lancaster Eagle-Gazette. (*Id.*) The deadline to file a claim expired on January 19, 2024. (ECF No. 7.)

This motion arises from HFL's attempt to file a late claim. Ten days after the deadline to file a claim expired, HFL filed a Motion for Leave to File Late Claim. (HFL Mot.) HFL asserts that they did not become aware of this action until January 22, 2024, and promptly contacted Mr. Hawks's Ohio attorney to request his consent to them filing a late claim. (*Id.* PageID 64.) Mr. Hawks's Ohio attorney did not consent. (*Id.*)

Mr. Hawks and HFL have a history. In July 2022—prior to Mr. Hawks initiating this action—HFL filed a complaint for exoneration in the Western District of Kentucky regarding the same fatal marine casualty at issue in this case. *In re Hines Furlong Line, Inc., et al.*, No. 5:22-cv-95, W.D. Ky ECF No. 1. The claims deadline for HFL's action expired on December 15, 2022. (*Id.* ECF No. 8.) On April 28, 2023, the Kentucky court entered an Order Noting Defaults. (*Id.* ECF No. 28.) In August 2023, eight months after the claims deadline, Mr. Hawks filed a motion to strike the defaults. (*Id.* ECF No. 43.) HFL did not object to Mr. Hawks's motion, and the Kentucky court granted Mr. Hawks's request. (*Id.* ECF Nos. 45, 57.)

Here, Mr. Hawks seeks default judgment (ECF No. 18), while HFL seeks an opportunity to file their late claim (ECF No. 11). Each party opposes the other's motion, and both matters are ripe for this Court's review.

**ANALYSIS**

Rule F(4) of the Supplemental Rules for Admiralty or Maritime Claims states that for "cause shown, the court may enlarge the time within which claims may be filed." Fed. R. Civ. Pro., Admiralty or Maritime Claims, Rule F(4), Limitation of Liability. "Under Admiralty law, the federal courts have a freely exercised discretion to allow late filed claims in the interest of justice." *Jappinen v. Canada S.S. Lines, Ltd.*, 417 F.2d 189, 190 (6th Cir. 1969) (collecting cases). Courts will allow a party to file a late claim if "the proceeding is pending and undetermined[] and the rights of the parties are not adversely affected." *Id.* (citation omitted).

HFL argues that justice weighs in favor of this Court exercising discretion to permit their late-filed claim. HFL argues so because the "limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected by [their] Motion." (HFL Mot. PageID 65.) HFL asserts that their claim was not timely asserted because no one provided them or their attorneys with notice of the case. (*Id.*; ECF No. 11-2 ("Although the Complaint in the Kentucky lawsuit alleged negligence and fault by those operating the recreational vessels, including Lee Hawks, no one advised [HFL] that Lee Hawks had filed this Ohio lawsuit, in anticipation of claims against him.").)

HFL emphasizes the Court's wide discretion and asserts that granting their motion would "comply with accepted standards of fair play during litigation" because HFL did not oppose Mr. Hawks's Motion for Leave to File Late Claim in the Kentucky case involving the same incident. (HFL's Reply, ECF No. 20 PageID 110–12.) Additionally, HFL argues that denying their motion would prejudice them. (*Id.* PageID 112–14.)

In response, Mr. Hawks initially acknowledges HFL's correct assertion that the Court has discretion to allow late claims but argues that there is no requirement for it to do so. (Hawks's Resp., ECF No. 17 PageID 88, citing *Dowdell v. U S Dist. Ct. for N. Dist. of California*, 139 F. 444, 445–46 (9th Cir. 1905).) Mr. Hawks then makes two arguments.

First, he argues that HFL cannot claim they did not have notice of this action. Because Mr. Hawks properly published notice in the Lancaster Eagle-Gazette, he argues that he has fully complied with the requirements of the Admiralty Rules. *See, e.g.*, *In re Vass* No. 9:17-CV-81031, 2018 WL 11229125, at *2, 5 (S.D. Fla. Feb. 12, 2018) (explaining that where notice was properly made and no claimant appeared, "they are liable to lose the opportunity of presenting their claims in that proceeding or in any other"). Mr. Hawks argues that he was under no obligation to provide

3

separate and individual notice to HFL. (Hawks's Resp., ECF No. 17 PageID 89–90.)

Second, Mr. Hawks argues that granting HFL leave to file a late claim would prejudice him and his family. (*Id.* Page ID 90–91 (citing *Am. Com. Lines, Inc. v. United States*, 746 F.2d 1351, 1354 (8th Cir. 1984)).) He claims that granting HFL's Motion would lead to a conflict of interest between him and his family who have all asserted claims against HFL in the Kentucky case. (*Id.* PageID 90.) Without citing any legal or factual support, he argues that if his family members in the Kentucky case succeed in obtaining damages from HFL, HFL will then seek to recover those same damages from him. (*Id.*)

The Court finds that granting HFL's Motion is in the interest of justice and will not prejudice the parties. This case remains pending and trial has not been set. HFL filed its Motion only ten days after the deadline. Further, granting HFL's Motion would not prejudice Mr. Hawks.

However, denying HFL's Motion would prejudice HFL, particularly because Mr. Hawks was provided the same opportunity—eight months after the claims deadline—to submit a claim in another federal court for this same casualty. In that case, HFL did not object to Mr. Hawks's motion for leave to file a late claim. *See also Jappinen*, 417 F.2d at 190 (granting motion for leave to file a late claim seven months after the claims period expired where "there had been no compromise or disposition of claims," the appellee would not suffer prejudice by granting the motion, and the "prejudice to appellant if the motion stands denied is obvious").

Moreover, the cases Mr. Hawks relies upon are distinguishable. In *Dowdell*, the case was closed, and the petitioners moved for their claims to be heard four years after the termination of the case. 139 F. 444 at 446. In *In re Vass*, there were no parties asserting late claims. 2018 WL 11229125 at *1. In *Am. Com. Lines, Inc.*, the case was set for trial and an individual moved for leave to file a late claim a mere 17 days before the trial was set to begin and eight months after the

4

filing deadline. 746 F.2d at 1353. These cases stand in contrast to the case at bar, where HFL and Mr. Hawks have history involving this same incident, this case is not closed, trial has not been set, and HFL moved for leave only ten days after the deadline passed.

Accordingly, the Court finds that granting HFL's Motion is in the interest of justice and avoids prejudice. HFL's Motion for Leave to File Late Claim is **GRANTED**, and Mr. Hawks's Motion for Default Judgment is **DENIED as moot**.

## CONCLUSION

For the foregoing reasons, HFL Vessels LLC and Hines Furlong Line, Inc.'s Motion for Leave to File Late Claim is **GRANTED.** (ECF No. 11.) Petitioner Lee Hawks's Motion for Default Judgment is **DENIED as moot.** (ECF No. 18.) This case remains open.

**IT IS SO ORDERED.**

**8/28/2024**                                         **s/Edmund A. Sargus, Jr.**
**DATE**                                              **EDMUND A. SARGUS, JR.**
                                                                 **UNITED STATES DISTRICT JUDGE**